FILED
03 OCT 21 AM 7:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 21 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

CANAL INSURANCE COMPANY,  }
    Plaintiff,  }
                      }  CIVIL ACTION NO.
v.                      }  03-AR-0115-J
                      }
TOMMY WILLIAMS, et al.,  }
    Defendants.  }

## MEMORANDUM OPINION

In its order of September 9, 2003, the court expressed doubt about the existence of the amount-in-controversy necessary for establishing diversity jurisdiction. At that time, the court was operating on the erroneous assumption that the only dispute between plaintiff and defendants was over the collectibility from plaintiff, Canal Insurance Company ("Canal"), of the sum of $31,475 in restitution ordered in favor of the victim, Tommy Williams ("Williams"), here defendant, and against Terry Gene Whitt, ("Whitt"), here defendant, in a criminal prosecution brought by the State of Alabama against Whitt. The court now understands that there is a separate tort action pending in a state court brought by Williams and, his wife, Carol Williams, against Whitt and Whitt Transportation Services, Inc. ("Whitt Transportation"), in which Canal has joined Progressive Insurance Company ("Progressive") in furnishing the defense under separate reservations of rights. The language of the reservation of rights imposed by Canal is not before the court. Neither is the arrangement or understanding



between Progressive and Canal. The significance, if any, of these items is not being considered by the court and cannot be considered until relied upon by a party or parties and made known to the court.

Canal's amended complaint seeks a declaration that it owes no defense to Whitt and Whitt Transportation in the Williams's underlying tort action, and has no obligation to indemnify. Canal also moves to dismiss Williams's counterclaim in which Williams seeks to collect from Canal the restitution previously ordered in his favor as part of Whitt's punishment. There are several reasons why Canal's motion to dismiss the counterclaim is due to be granted. First, there is no precedent, in Alabama or elsewhere, allowing the collection against an insurer of a criminal restitution order imposed upon a convict as part of his sentence. Second, it is undisputed that Canal was not notified and was not given a chance to be heard at the time the restitution order was entered against Whitt. This creates severe "due process" concerns, with or without implicating the notice requirements contained in the Canal insurance policy itself. Third, it appears from the record that the restitution order has been set aside in the state court in which it was entered. Fourth, if in the state tort action, Williams should recover more than the amount of the restitution ordered in his favor in Whitt's criminal case, the restitution amount would be subsumed by the civil judgment. In

2

other words, Williams cannot recover his economic loss except once, whether from Canal, from Progressive, from Whitt or from Whitt Transportation or from any combination thereof. Last, but far from least, Alabama Code § 27-23-2, upon which Williams bases his counterclaim, allows a judgment creditor (which, according to Williams, includes the victim named in a criminal restitution order) to proceed against "the defendant [insured] **and** the insurer." (emphasis supplied). This statutory language requires a judgment creditor to simultaneously sue the judgment debtor **and** his insurer. Williams is not proceeding **in this case** against the insured, Whitt. He, therefore, has not taken advantage of any possibility that exists under § 27-23-2. Whether Williams can invoke § 27-23-2 in his state tort action if he there succeeds in obtaining a judgment against Whitt is a question which need not be addressed here.

A separate order consistent with this opinion will be entered.
DONE this ___21st___ day of October, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE